**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAYMOND NEAL,** | : | **Civil Action No.** |
| **PLAINTIFF,** | : | |
| **v.** | : | **COMPLAINT AND** |
| | : | **JURY DEMAND** |
| **FAMILY DESIGN RESOURCES, INC.** | : | |
| **d/b/a VOCE,** | : | |
| **DEFENDANT.** | : | |

**CIVIL ACTION**

Plaintiff, Raymond Neal (hereinafter "Plaintiff"), by and through his attorney, brings this civil matter against Defendant, Family Design Resources, Inc. d/b/a Voce (hereinafter, "Defendant"), alleging he was subject to unlawful violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the Family and Medical Leave Act ("FMLA"). In support thereof, Plaintiff avers and alleges as follows:

**THE PARTIES**

1. Plaintiff is an adult individual domiciled in Allentown, PA.
2. Upon information and belief, Defendant is a human services non-profit organization with a location at 280 Emrick Boulevard, Bethlehem, PA 18020 and corporate headquarters located

at 200 Corporate Center Drive, Suite 100A, Camp Hill, PA 17011.

3. At all relevant times hereto, Defendant employed the requisite number of employees under the applicable statutes and was a covered entity.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the practice of treatment which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in the judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted his administrative remedies under the ADA and the PHRA.

15. Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination and retaliation against Defendant.

16. The Charge was assigned a Charge Number of 530-2026-08309 and Plaintiff requested the charge be dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") and that Notice is dated August 10, 2026.

18. Plaintiff files the instant Complaint within ninety (90) days of his receipt of the Notice of Right to Sue letter relative to the Charge.

19. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

20. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

21. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

22. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

23. In February 2021, Defendant hired Plaintiff in the position of Paralegal.

24. Plaintiff was well qualified for his position and performed well.

## PLAINTIFF COMPLAINED ABOUT AN ATTORNEY DISCUSSING A COWORKER'S MENTAL HEALTH AND MEDICATION AT WORK

25. In or around September 2024, Plaintiff witnessed Barbara Reinhart, Attorney, discussing a coworker's mental health and medication in the workplace.

26. Plaintiff reported Reinhart's conduct to Brent Costenbader, Supervisor, over the phone and through text message.

27. Costenbader instructed Plaintiff to write a statement regarding the incident.

28. Plaintiff followed Costenbader's instructions.

29. Costenbader proceeded to forward Plaintiff's written statement to Human Resources.

30. However, Defendant did not contact Plaintiff regarding his written statement.

31. Plaintiff's complaint constituted a good-faith report of what he reasonably believed to be an ongoing pattern of discriminatory treatment against his coworker, despite not communicating

directly with Human Resources.

**THE MANAGING ATTORNEY LEARNED OF PLAINTIFF'S COMPLAINT AND VOICED HER DISPLEASURE IN MULTIPLE MEETINGS**

32. Maura McGuire, Managing Attorney employed by Northampton County who supervised Plaintiff's work, became aware that Plaintiff was the individual who had made the complaint to Human Resources.

33. In or around October 2024, upon learning of the complaint, McGuire held a meeting with Michael Ondilla, Staff Attorney with Northampton County Children, Youth and Families ("CYF"), for all of the Paralegals.

34. During the meeting, McGuire reprimanded the Paralegals, expressed her dissatisfaction with the complaint, and instructed them to bring any future workplace concerns to her before contacting Costenbader or Human Resources.

35. In or around late October 2024, McGuire expressed her displeasure that Plaintiff had made the complaint to Human Resources during a supervision meeting attended by Costenbader.

36. These actions reflected hostility toward Plaintiff's protected activity and established the retaliatory mindset that subsequently influenced Defendant's treatment of Plaintiff's employment.

**PLAINTIFF REQUESTED AND WAS APPROVED FOR INTERMITTENT LEAVE IN ORDER TO PROVIDE CARE FOR HIS DOMESTIC PARTNER**

37. In the summer of 2025, Plaintiff's domestic partner suffered a heart attack.

38. Although Plaintiff was not eligible for FMLA leave to care for his domestic partner because they were not married, Defendant approved his request for intermittent leave, which he utilized to provide care and support during his partner's recovery.

**PLAINTIFF'S COWORKERS BEGAN TO EXCLUDE HIM**

39. During the summer of 2025, Plaintiff began experiencing increasing exclusion and a lack of cooperation from his fellow Paralegals.

**PLAINTIFF REPORTED HIS COWORKERS' TREATMENT TO COSTENBADER**

40. In November 2025, Plaintiff reported these concerns to Costenbader.
41. Plaintiff specifically mentioned how Lee-Anne Diehl, Rachel Schwoyer, Lilliana Roginski and Kendall Robles Valverde, Paralegals, had been isolating him and treating him differently at the Northampton County office.
42. Plaintiff stated that he believed this treatment was related to his prior complaint to Human Resources and that it had occurred following his approved intermittent leave.
43. However, Defendant did not properly address Plaintiff's complaint and the hostile work environment continued.

**PLAINTIFF ESCALATED HIS COMPLAINT TO HUMAN RESOURCES**

44. On or about November 20, 2025, Plaintiff continued to escalate his complaints about the retaliatory treatment he was subjected to by complaining again to Costenbader.
45. Costenbader instructed Plaintiff to bring his complaint to Human Resources.
46. Plaintiff followed Costenbader's instructions and complained to Jess Yates, Human Resources Specialist, via phone call.

**PLAINTIFF REQUESTED INTERMITTENT FMLA LEAVE DUE TO HIS DISABILITY**

47. In early December 2025, the cumulative toll of the workplace hostility and isolation directed at Plaintiff resulted in symptoms consistent with Generalized Anxiety Disorder ("GAD"), a serious medical condition that is considered to be a disability under the ADA and the PHRA.

48. The major life activities affected by GAD include, but are not limited to, concentrating, thinking, sleeping and working.

49. Plaintiff applied for Intermittent FMLA leave in connection with his disability.

**KNARR THREATENED PLAINTIFF WITH DISCIPLINARY ACTION IF HE DID NOT REPORT HIS INTERMITTENT FMLA ABSENCES PROPERLY**

50. Instead of investigating Plaintiff's complaint, on or about December 15, 2025, Kelsi Knarr, Human Resources Manager, held a three-way call with Plaintiff and Costenbader.

51. During the call, Knarr threatened Plaintiff with disciplinary action if he did not report his Intermittent FMLA leave in strict accordance with required procedures.

52. The threat reflected Defendant's disposition to treat Plaintiff's use of protected leave as a source of liability for him rather than a right to be protected.

**DEFENDANT APPROVED PLAINTIFF'S REQUEST FOR INTERMITTENT FMLA LEAVE**

53. The following day, on or about December 16, 2025, Defendant approved Plaintiff's Intermittent FMLA leave.

**HUMAN RESOURCES DID NOT SUBSTANTIATE PLAINTIFF'S COMPLAINT**

54. Thereafter, Human Resources conducted an investigation into Plaintiff's complaints of retaliatory treatment.

55. However, Human Resources concluded that it was unable to substantiate Plaintiff's complaint.

**KNARR ISSUED PLAINTIFF A FINAL WARNING AND ONLY CORRECTED IT TO A WRITTEN WARNING AFTER HE QUESTIONED IT**

56. In or around January 2026, Knarr issued Plaintiff a Final Written Warning.

57. Plaintiff questioned the appropriateness of the warning.

58. In mid-January 2026, Knarr acknowledged that the Final Written Warning had been issued in error and revised it to a regular Written Warning.

59. Human Resources issuing an erroneous Final Written Warning and only correcting it after Plaintiff objected showed that Defendant did not follow its progressive disciplinary process and disciplined Plaintiff in an ad hoc and pretextual manner.

**KNARR ISSUED PLAINTIFF AN UNWARRANTED FINAL WRITTEN WARNING**

60. On February 6, 2026, Knarr issued Plaintiff a Final Written Warning due to Plaintiff not attending a professional conference that he signed up for and that he failed to inform Costenbader directly of his decision not to attend.

61. Importantly, Costenbader was not on-site and was out of town at the time of the conference.

62. Plaintiff's conduct did not warrant any formal discipline, let alone a final warning.

**DEFENDANT TERMINATED PLAINTIFF**

63. On February 25, 2026, Knarr called Plaintiff and terminated his employment.

64. Knarr stated the reason for Plaintiff's termination was that Defendant was "exercising our option to separate", or words to that effect.

65. Defendant discriminated against Plaintiff due to his disability and retaliated against him for his participation in protected activity in violation of the ADA and the PHRA.

66. In addition, Defendant interfered with Plaintiff's rights under the FMLA and retaliated against him for utilizing his rights under the FMLA in violation of the FMLA.

67. Defendant's acts and/or omissions were willful or with reckless disregard to Plaintiff's federal statutory rights.

**COUNT I – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

70. Plaintiff was qualified to perform the job.

71. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

72. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

73. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

74. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

75. The purported reason for Defendant's decision is pretextual.

76. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

77. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

78. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISABILITY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
80. Plaintiff is a “qualified individual with a disability” as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.
81. Plaintiff was qualified to perform the job.
82. Plaintiff was subject to an adverse employment action, including, but not limited to termination.
83. Circumstances indicated that Plaintiff’s disability was the reason for the adverse employment action.
84. Defendant did not have a legitimate non-discriminatory reason for Plaintiff’s adverse employment actions.
85. Plaintiff’s disability motivated Defendant’s decision to terminate Plaintiff.
86. The purported reason for Defendant’s decision is pretextual.
87. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.
88. As a result of Defendant’s unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – RETALIATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

89. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.
90. Plaintiff engaged in activity protected by the ADA as alleged herein.
91. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.
92. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.
93. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.
94. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IV – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

95. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.
96. Plaintiff engaged in activity protected by the PHRA as alleged herein.
97. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.
98. There exists a causal connection between Plaintiff's request for a reasonable accommodation and his complaint of associational disability discrimination.

99. Defendant terminated Plaintiff's employment as a result of his protected activity.

100. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT V – INTERFERENCE**
**FAMILY AND MEDICAL LEAVE ACT LEAVE OF 1993, AS AMENDED**

101. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

102. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

103. At all times material, Defendant knew, or should have known, of Plaintiff's need for Intermittent FMLA leave to care for his own serious health condition.

104. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

105. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

106. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

107. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss

of fringe benefits, disruption of his personal life and loss of enjoyment of the ordinary pleasures of life.

108. Plaintiff demands judgment in his favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

109. Plaintiff further demands judgment in his favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

**COUNT VI – RETALIATION**
**FAMILY MEDICAL LEAVE ACT OF 1993, AS AMENDED**

110. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

111. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

112. At all times material, Defendant knew, or should have known, of Plaintiff's need for Intermittent FMLA Leave to care for his own serious medical condition.

113. Plaintiff gave Defendant sufficient information to allow it to understand that he needed leave for FMLA-qualifying reasons.

114. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke his federally protected rights under the FMLA.

115. As a result of Plaintiff's attempt to invoke his FMLA rights, by requesting and utilizing his FMLA rights, Defendant has retaliated against Plaintiff by terminating his employment.

116. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

117. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

118. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

119. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

120. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the

objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Raymond Neal, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Liquidated damages;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(i) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(j) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW LLC**

Date: November 9, 2026

By: *_/s/ David M. Koller_*

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215)-545-8917
F: (215)-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*